[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence December 15, 1995 Date of Application December 15, 1995 Date Application Filed December 15, 1995 Date of Decision November 24, 1998
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. 94-466792.
John Watson, Esq., Defense Counsel, for Petitioner.
Anthony Troy Martin, Esq., Assistant State's Attorney, for the State.
After entering a plea of guilty the then 33 year old petitioner was sentenced to a term of 37 years. At sentencing her attorney asked the Court to impose a split with the period of incarceration to be at or close to the minimum sentence for murder which is 25 years.
In his comments to the Review Division, counsel refers to the petitioner's tragic childhood and her resultant emotional problems as mitigating factors, and posits that with appropriate counseling, she could be a productive person in her community. The petitioner expressed her remorse for the killing of the victim.
The state's attorney asks the Division to give consideration to increasing the sentence to 45 years based on her record, and the brutality of the crime.
The Review Division can only modify a sentence pursuant to the provisions of Practice Book § 43-28. We conclude that the sentence as imposed was reasonable, appropriate and not disproportionate.
It is clear that this petitioner has a propensity for violence. She has, among her other convictions, a 1987 conviction for armed robbery and assault and battery with a dangerous weapon (for which she received a 7 to 9 year sentence).
She has a 1988 conviction for assault 2nd, larceny 2nd and robbery which also resulted in a term of incarceration.
While her childhood was indeed filled with abuse and may help one understand her reported depression, substance abuse and anti-social behavior, she has shown herself to be capable of committing the most monstrous of crimes. For whatever reason, she poses a clear and dangerous threat that requires lengthy isolation out of the free community.
In this case the petitioner brutally strangled the victim by CT Page 946 ligature. She stuffed a cotton like substance into her mouth and the victim died by asphyxia due to strangulation and airway obstruction. Her body was found in Hartford. After killing the victim the petitioner went to the victim's apartment and stole whatever items of value she found. This was a brutally callous crime.
It is clear the sentencing Court took those factors into account which counsel asks this Division to consider and gave any consideration possible to the petitioner. Her sentence was little more than half the maximum. There would be no justification to a sentence reduction. It is affirmed.
Klaczak, J.
O'Keefe, J.
Ianotti, J.
Klaczak, O'Keefe and Ianotti, J.s, participated in this decision.